Shaw C. J.
delivered the opinion of the Court. The single question in this case is whether the machine in question was the property of Fowler, the debtor, at the time the attachment thereon was made by the defendant. The machine having been once the property of the plaintiff, the burden is upon the defendant to prove a sale to Fowler. We think the facts agreed fail of proving such a sale.
The instrument signed by the parties, and deposited with a common agent, is relied upon as evidence of the contract. This contract is an executory, not an executed contract of sale. It looked to a future act of delivery, and to a payment upon such delivery. It was obviously the intent of the parties, that the property should remain in the vendor, and there is no rule of law to prevent that intention from being carried into effect. But as the contemplated acts weré never performed, no property passed, and the machine remained the property of the plaintiff.
But it is contended, that as Fowler was in possession, there must have been a delivery, and that the contract of sale became executed by the delivery. But it is very manifest from the contract, that this delivery was not made pursuant to the contract of sale, but in pursuance of another and distinct stipulation, that Fowler was to have the use of the machine, for a fixed period. Had the possession been unexplained, it might have raised a presumption, that the delivery was in pursuance of the contract of sale ; but the act is to take effect according to the intent, and here the intent is plainly shown, and the presumption of a delivery in pursuance of the contract of sale, is rebutted by showing another and lawful contract for the use. It comes within an old case cited by Long. Where H. agreed with A., that A. should take the sheep of H. and depasture them, for a certain time, and if at the end of the time he should pay H. so much for the sheep, he should have them, the agreement did not amount to a sale. Long on Sales, 109. This case was cited with approbation in Barrett v. Pritchard, 2 Pick. 512. Indeed it is imnossible to distinguish the case at bar from that last cited.
*536 All these cases proceed upon this principle, that where there is an executory contract for a sale, at a future time, or upon the performance of a certain condition, and in the mean time a separate contract, that the property shall go into the possession of the bargainee for a particular purpose, as to depasture the sheep, to manufacture the wool into cloth, and in the case at bar, to have the use of the machine for a certain term, the sale is not executed, and the property is not changed, till the contemplated act is done, or the condition performed.[1]
It is contended on the part of the defendant, that the sale was complete, because the stipulated price was paid ; that the giving of the note was payment; and he relies upon the rule of Massachusetts, and cites several authorities in support of it. It is true, that by the rule of law adopted in this Commonwealth, the giving of a negotiable note is primó facie evidence of the payment and satisfaction of a simple contract debt, because it will be presumed, in the absence of other proof, that such was the intention of the parties. But like all other presumptions, it may be rebutted, by proof of a different intent, and to that extent only is the principle carried by the cases cited.[2]
Here it is very manifest from the contract, that it was the payment of the note, not the malting of the note, which was looked to, as the discharge and satisfaction of the purchase money. The note was given for the purchase money, and the money was to be paid on delivery of the machine ; of course, the note was then to be paid. In Barrett v. Pritchard, there was an unconditional promise by the vendee, to pay the amount of the purchase money, yet it was held, that it was not an executed contract of sale.
It was further urged, that there was no stipulation for the return of the property in any event, and therefore no expecta *537 tion hat it was to be returned. But this conclusion does not follow. It was no doubt expected, that the note would be paid and then the sale would be completed ; but failing that, if no property vested in the bargainee, the machine remained the property of the plaintiff, and after the term stipulated for the use of it, the right of possession would follow the right of property, and the plaintiff’s title both to the property and possession remained the same as if no such contract had been made.

Defendant defaulted.

 See Fairbank v. Phelps, 22 Pick. 535; Tibbetts v. Towle, 3 Fairfield, 341; Shep. Touchstone, 118, 119, 120; Wheeler v. Lathrop, 16 Maine R. (4 Shepley,) 17; Hurd v. West 7 Cowen, 752; Ward v. Shaw, 7 Wendell, 404.

 See Chitty on Contr. (4th Am. ed.) 594 b, note 1, and cases cited; Whitcomb v. Williams, 4 Pick. (2d ed.) 230 and note ; West Boylston Manuf. Co v. Searle, 15 Pick. 230; Descadillas v. Harris, 8 Greenleaf, 298.